<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 07-4832**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DERRICK SPARKS, a/k/a Dirk,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
South Carolina, at Rock Hill.  Joseph F. Anderson, Jr., Chief
District Judge.  (0:02-cr-01173-JFA)

───────────

Argued:  October 30, 2008          Decided:  January 29, 2009

───────────

Before MICHAEL  and  AGEE,  Circuit  Judges,  and  Martin  K.
REIDINGER, United States District Judge for the Western District
of North Carolina, sitting by designation.

───────────

Affirmed  by  unpublished  opinion.   Judge  Reidinger  wrote  the
opinion, in which Judge Michael and Judge Agree joined.

───────────

**ARGUED:** Joshua  Snow  Kendrick,  Columbia,  South  Carolina,  for
Appellant.  Robert Frank Daley, Jr., OFFICE OF THE UNITED STATES
ATTORNEY, Columbia, South Carolina, for Appellee.  **ON BRIEF:**
Kevin  F.  McDonald,  Acting  United  States  Attorney,  Marshall
Prince, Jimmie Ewing, Assistant United States Attorneys, OFFICE
OF  THE  UNITED  STATES  ATTORNEY,  Columbia,  South  Carolina,  for
Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

REIDINGER, District Judge:

Derrick Sparks was convicted after a trial of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base (crack cocaine) and five kilograms or more of cocaine, in violation of 21 U.S.C.A. §§ 841(a)(1) and 846 (West 1999) and three counts of distribution of crack cocaine, in violation of 21 U.S.C.A. § 841(a)(1). On appeal, Sparks argues that the district court erred in failing to instruct the jury not to consider evidence of Sparks' involvement in the conspiracy before he reached the age of eighteen as evidence of his guilt. Sparks further argues that the district court erred in attributing drug weight to him and adding an enhancement to his sentence based on activities that took place while he was a juvenile. Finding no reversible error, we affirm.

I.

The conspiracy to distribute cocaine and crack in which Sparks was involved began in 1994 and continued at least until March 19, 2003. Sparks was born on June 3, 1981 and thus did not reach the age of majority until June 3, 1999. The main point of distribution for the conspiracy was the Sparks family residence in an area of Lancaster, South Carolina known as the "Circle." The Sparks family had a reputation for selling

3

substantial quantities of various drugs. Customers would come to the Sparks' residence to purchase drugs from several sellers, including Derrick Sparks and several of his relatives.

Sparks possessed guns in relation to his drug dealing, both before and after he turned eighteen. James Frazier testified that once in 1994 or 1995, after he complained to Sparks that he had sold him soap, Sparks pulled out a gun, pointed it at Frazier, and said: "Y'all don't want none of this." (J.A. 261). Additionally, Tyronne Wright testified that in 1999, he purchased drugs from Sparks in the carport of the Sparks family residence and observed guns and scales in the carport. Scottie Ballard testified that he purchased crack cocaine from Sparks during the nineties in a room where a gun lay on top of a television. John Clinton testified about one incident, when Sparks ran into the house of Clinton's mother to elude police who were chasing Sparks after he ran a stop sign. After the police left, Clinton heard a "click" and turned to see Sparks with a gun. Sparks asked Clinton where his "dope" was located. (S.J.A. 4). Carlos Lang testified that he saw Sparks with a gun a couple of times, and that he had seen a gun in the Sparks' house. In addition to this testimony, there was also evidence presented at trial that during the two searches conducted of the

4

Sparks' residence, officers found numerous firearms, including handguns and rifles, as well as various types of ammunition.

In February 1999, officers from the Lancaster County Sheriff's Office used a confidential informant to make a controlled buy of two grams of crack cocaine from Sparks. On August 1, 2000, the officers used a confidential informant to make another controlled buy of approximately one gram of crack cocaine from Sparks at the Sparks family residence. A confidential informant made a third controlled buy of a small quantity of crack cocaine from Sparks on March 26, 2001. A fourth controlled buy of approximately 1.8 grams of crack cocaine was made by a confidential informant from Sparks on August 28, 2001.

On March 19, 2003, a federal grand jury returned a 22-count Superseding Indictment charging Sparks and fourteen co-defendants with conspiracy and other charges related to the distribution of cocaine and crack cocaine. A bench warrant was issued for Sparks. He was arrested in Virginia on November 2, 2005, and his trial began on March 23, 2006. Upon finding Sparks guilty on one count of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and five kilograms or more of cocaine and three counts of distribution of

crack cocaine, the jury attributed the distribution of 50 grams or more of crack cocaine to him.

The probation officer prepared a Presentence Investigation Report (PSR), which attributed 1,986 grams of crack cocaine to Sparks. Based upon the quantity of drugs involved, Sparks' base offense level was computed to be 38. Two points were added to this base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) due to the evidence presented at trial indicating that Sparks had used a firearm during the commission of a drug trafficking offense.

At a sentencing hearing on August 10 and 14, 2007, Sparks made various objections to his PSR, including objections to the enhancement of his sentence based on his possession of a firearm during the commission of a drug trafficking offense and to the quantity of drugs attributed to him. After hearing lengthy arguments from counsel and reviewing the trial transcript, the district court determined that Sparks was responsible only for 809 grams of crack cocaine. The district court overruled Sparks' objection to the two-level enhancement for the firearm possession. The district court found Sparks' total offense level to be 38, with a criminal history category of II, resulting in a Guidelines range of 263 to 327 months' imprisonment. After considering the factors outlined in 18

U.S.C.A. § 3553(a), the district court sentenced Sparks to 305 months' imprisonment.  This appeal followed.

## II.

Sparks first argues that the district court erred in failing to instruct the jury not to consider evidence of Sparks' involvement in the conspiracy before he reached the age of eighteen as evidence of his guilt.

Because Sparks failed to raise this issue below, we review the district court's jury instructions for plain error.  See United States v. Wilson, 484 F.3d 267, 279 (4th Cir. 2007). Under the plain error standard of review, the defendant must show (1) that an error was committed; (2) that the error was plain; and (3) that the error affected his substantial rights. See United States v. Promise, 255 F.3d 150, 154 (4th Cir. 2001) (en banc).  If the defendant satisfies this burden, the Court may exercise its discretion and correct the plain error.  Id. Such discretion should be exercised "only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Id. at 161 (quoting United States v. Olano, 507 U.S. 725, 736, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993)).

7

The Court must first determine whether the admission of this evidence was plain error. A plain error is one that is "clear" or "obvious." Olano, 507 U.S. at 734, 113 S. Ct. 1770. "This standard is satisfied when the 'settled law of the Supreme Court or this circuit' establishes that an error occurred." United States v. Neal, 101 F.3d 993, 998 (4th Cir. 1996) (quoting United States v. Mitchell, 996 F.2d 419, 422 (D.C. Cir. 1993)). Absent such authority, the decisions of other circuit courts may be pertinent to determining whether plain error has occurred. See United States v. Gastiaburo, 16 F.3d 582, 588 (4th Cir. 1994); see also United States v. Alli-Balogun, 72 F.3d 9, 12 (2d Cir. 1995) ("we do not see how an error can be plain error when the Supreme Court and this court have not spoken on the subject, and the authority in other circuit courts is split").

In arguing that the district court plainly erred, Sparks relies upon United States v. Spoone, 741 F.2d 680 (4th Cir. 1984). Specifically, Sparks argues that this Court's decision in Spoone required the court below to instruct the jury not to consider acts that took place before Sparks turned eighteen in determining his guilt. Spoone, however, is not applicable to this case.

8

The <u>Spoone</u> decision is founded upon an application of the Juvenile Delinquency Act, 18 U.S.C. §§ 5031-5042 ("JDA"). The JDA governs the prosecution of juveniles for acts of juvenile delinquency in the federal courts and further provides procedures for the transfer of juveniles for criminal prosecution, with certain procedural safeguards. <u>See</u> 18 U.S.C. § 5032. The JDA defines a "juvenile" as "a person who has not attained his eighteenth birthday, or *for the purpose of proceedings and disposition under this chapter* for an alleged act of juvenile delinquency, *a person who has not attained his twenty-first birthday*." 18 U.S.C. § 5031 (emphasis added).

In <u>Spoone</u>, the defendant was an eighteen-year-old who was charged as an adult with participating in an auto theft conspiracy that began when the defendant was still a juvenile and that continued after the defendant reached the age of majority. <u>Spoone</u>, 741 F.2d at 683, 687. Because Spoone was originally charged as an adult rather than under the procedures set out in the JDA, this Court concluded that the defendant's acts prior to reaching the age of majority could not form the basis of his conspiracy conviction. <u>Id.</u> at 687.

While the JDA afforded some protection to Spoone, who was eighteen years old at the time of his prosecution, the JDA does not afford the same protection to Sparks. "[C]ourts have

9

consistently held that a defendant who is alleged to have committed a crime before his eighteenth birthday may not invoke the protection of the Juvenile Delinquency Act if criminal proceedings begin after the defendant reaches the age of twenty-one." United States v. Hoo, 825 F.2d 667, 669-70 (2d Cir. 1987). For the purposes of the JDA, criminal proceedings are deemed to begin with the filing of the indictment. In re Martin, 788 F.2d 696, 697-98 (11th Cir. 1986). In the present case, the original indictment against Sparks was handed down on October 20, 2002, four-and-a-half months after the Defendant's twenty-first birthday. Because the prosecution of Sparks was not initiated until after he reached the age of twenty-one, Sparks, unlike the defendant in Spoone, is not a "juvenile" within the meaning of the JDA and thus may not seek the protection afforded by that act.

Because the JDA and Spoone are inapplicable to Sparks' prosecution, there was no error in the district court failing to give a limiting jury instruction regarding the evidence of Sparks' juvenile acts. For these reasons, we find Sparks' first issue on appeal to be without merit.

III.

Sparks raises two issues with respect to his sentence. First, he argues that the district court erred in considering any quantity of drugs attributable to him during the conspiracy prior to his reaching the age of eighteen. Second, he contends that his sentence should not have been enhanced for possession of a firearm during the commission of a drug trafficking offense because the firearm possession took place prior to his eighteenth birthday.

We review the sentence imposed by the district court under a deferential abuse-of-discretion standard. Gall v. United States, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). Initially, we must "ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range." United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 128 S. Ct. 2525, 171 L. Ed. 2d 805 (2008). Once we have determined that the sentence is procedurally sound, we then must consider the substantive reasonableness of the sentence. Gall, 128 S. Ct. at 597. A sentence which falls within the properly calculated Guidelines range may be presumed by the appellate court to be reasonable. Id. We review the district court's legal conclusions de novo

and its factual findings for clear error.  United States v. Harvey, 532 F.3d 326, 336 (4th Cir. 2008).

This Court has not addressed the issue of whether juvenile conduct committed during a drug conspiracy may be considered during the sentencing phase for a conspiracy conviction.  The Sixth Circuit and the D.C. Circuit have concluded that such conduct may be considered.  In United States v. Gibbs, 182 F.3d 408 (6th Cir. 1999), the Sixth Circuit held that because the Sentencing Guidelines allow a district court to consider as relevant conduct quantities of drugs "that were part of the same course of conduct or common scheme or plan as the offense of conviction," a district court may consider relevant conduct that occurred when the defendant was a juvenile, "as long as such conduct falls within the limitations set forth in § 1B1.3(a)(2)."  Id. at 442.

The D.C. Circuit reached a similar conclusion in United States v. Thomas, 114 F.3d 228 (D.C. Cir. 1997):

> The court may consider as relevant conduct all acts of the defendant and all reasonably foreseeable acts or omissions of others in furtherance of the jointly undertaken activity, "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense."  U.S.S.G. § 1B1.3(a)(1).  Since [the defendant] was properly convicted in adult court of a conspiracy he joined as a juvenile but continued in after eighteen, the Guidelines unambiguously permit

12

the court to consider his and his co-conspirators' foreseeable conduct "that occurred during the commission of the [entire conspiracy] offense," id., starting when he joined the conspiracy at age eleven.

Id. at 267. We find the reasoning of the Sixth and D.C. Circuits to be persuasive and therefore hold that in sentencing an adult defendant for conspiracy, a district court may consider *all* relevant conduct, including conduct which occurred when the defendant was a juvenile participant in the conspiracy. Accordingly, we find Sparks' argument that the district court erred in considering the drug quantities attributable to him as a juvenile to be without merit.

Similarly, we reject Sparks' contention that the district court erred in applying the two-level firearm enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). There is ample evidence in the record that Sparks possessed guns in relation to his drug dealing, both before and after he turned eighteen. Accordingly, this argument is also found to be without merit.

Upon carefully reviewing the record, we conclude that the district court's sentencing determination is procedurally sound, and that the sentence, which was within the properly calculated Guidelines range, is presumptively reasonable. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Sparks to 305 months of imprisonment.

13

IV.

For the foregoing reasons, we affirm the judgment of the district court.

<u>AFFIRMED</u>