# United States Court of Appeals
## For the First Circuit

No. 09-1519

UNITED STATES OF AMERICA,

Appellee,

v.

WAYNE VARGAS-DE JESÚS, a/k/a Waynsito,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Thompson, Selya, and Dyk,* Circuit Judges.

José Luis Novas Debien for appellant.
José Capo-Iriarte, Assistant United States Attorney, with whom
Rosa Emilia Rodriquez-Velez, United States Attorney, Nelson Pérez-
Sosa, Assistant United States Attorney, Chief, Appellate Division,
and Julia M. Meconiates, Assistant United States Attorney, were on
brief, for appellee.

August 30, 2010

---

*    Of the Federal Circuit, sitting by designation.

**DYK, Circuit Judge.** Wayne Vargas-De Jesús ("Vargas") was convicted on two counts charging violations of 21 U.S.C. §§ 841(a)(1) and 860 — possession with intent to distribute illegal drugs within one thousand feet of a school. He was also convicted of one count of conspiracy to violate those provisions. See 21 U.S.C. § 846. On appeal, Vargas challenges the substantive convictions based on lack of jurisdiction under the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. § 5032, on the ground that he was a minor when the offenses were committed. Because the district court lacked jurisdiction over the substantive drug charges, we vacate Vargas's convictions with respect to those counts. With respect to the conspiracy count, Vargas argues that the district court committed plain error by failing to instruct the jury that it could only find him guilty if he ratified and participated in the conspiracy after he turned 18. We affirm the conviction as to the conspiracy count because there was sufficient evidence of postmajority conduct to convict, and it was not plain error for the district court to fail to give the instruction.

**I.**

The FJDA provides:

A juvenile alleged to have committed an act of juvenile delinquency . . . shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that . . . (3) the offense charged is . . . an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841) . . . and that there is a substantial

-2-

Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

If the Attorney General does not so certify, such juvenile shall be surrendered to the appropriate legal authorities of such State.

18 U.S.C. § 5032 (emphasis added). The statute defines a "juvenile" as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday," and "juvenile delinquency" as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." Id. § 5031. In other words, the statute provides that unless the Attorney General certifies to the district court that the case satisfies one of certain enumerated conditions, the district court may not proceed against an individual under the age of 21 for acts committed before reaching the age of 18.[1] See United States v. Welch, 15 F.3d 1202, 1207 (1st Cir. 1993) ("[T]he FJDA does not apply to 'a defendant who . . . is not a juvenile and who has not committed an act of

---

[1] The FJDA does not, however, make the defendant's age a substantive element of an offense. United States v. Welch, 15 F.3d 1202, 1207 n.5 (1st Cir. 1993) (citing United States v. Frasquillo-Zomosa, 626 F.2d 99, 101 (9th Cir. 1980)). While the certification by the Attorney General is necessary for a district court to proceed against a juvenile in a delinquency proceeding, still more is required for the court to try a juvenile as an adult. See 18 U.S.C. § 5032 (permitting adult trials of juveniles only after a judicial hearing and determination that "transfer" for trial as an adult would serve the interests of justice).

-3-

juvenile delinquency.'" (quoting United States v. Doerr, 886 F.2d 944, 969 (7th Cir. 1989)); see also United States v. Thomas, 114 F.3d 228, 263 (D.C. Cir. 1997) ("[A] person who has reached twenty-one can be criminally indicted for the acts committed under eighteen because it is assumed he can no longer benefit from FJDA protections."). It is undisputed that in this case, the government did not present the district court with such a certification, and that the proceedings commenced before the defendant reached the age of 21.

The issues in this case arise out of alleged acts committed both before and after the defendant reached the age of 18. It is undisputed that Vargas was born on July 22, 1989, and reached 18 years of age on July 22, 2007. On May 7, 2008, a grand jury returned a seven count indictment charging Vargas and numerous codefendants with various narcotics offenses. Six of those counts are pertinent here. Count 1 charged Vargas with conspiracy to possess with the intent to distribute in excess of one kilogram of heroin, fifty grams of cocaine base, five kilograms of cocaine, and/or one hundred kilograms of marijuana within one thousand feet of a public or private school, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. We refer to this count as the drug conspiracy count. Counts 2 through 5 charged him with the substantive offenses of aiding and abetting in the possession of heroin, cocaine base, cocaine, and marijuana, respectively, within

-4-

one thousand feet of a school with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 860, and 18 U.S.C. § 2. We refer to these as the substantive drug counts. Count 6 charged Vargas with conspiracy to possess firearms during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). We refer to this as the firearms conspiracy count. According to the indictment, each of the charges against Vargas arose out of alleged activities "[b]eginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment [May 7, 2008]."

At trial, the government presented testimony regarding the defendant's activities from local police officers, cooperating drug traffickers, and a paid confidential informant. Much of this testimony related to conduct prior to Vargas's eighteenth birthday. The defendant did not request, and the district court did not issue, an instruction to the jury regarding the findings of postmajority conduct necessary to convict Vargas. The jury found Vargas guilty of substantive drug counts 2 and 4, and the drug conspiracy count.[2] The jury acquitted on substantive drug counts

_____

[2] The jury verdict form erroneously described count 2 as involving cocaine base when it should have been heroin, and count 3 as heroin instead of cocaine base. See Verdict Form at 2-3, United States v. Vargas, No. 08-175 (D.P.R. Nov. 26, 2008), ECF No. 443. Thus, although the jury found Vargas guilty of count 2, it appears that the jury likely thought it was finding Vargas guilty of the cocaine base substantive offense (count 3 of the indictment), not the heroin offense (count 2 of the indictment). The presentence investigation report followed the jury verdict

three and five, and the firearms conspiracy count. Although the trial testimony made no reference to the defendant's age, his date of birth and age were noted in the presentence report. The district court sentenced Vargas to 210 months' imprisonment as to each count for which he was convicted, to be served concurrently, and ten years of supervised release. Vargas timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

On appeal, Vargas argues that the district court lacked jurisdiction over the substantive drug counts as to which he was convicted. See 18 U.S.C. § 5032. We review the jurisdictional issue de novo. Miller v. Nichols, 586 F.3d 53, 58-59 (1st Cir. 2009). Although Vargas failed to raise this issue with the district court, "[an] objection to subject matter jurisdiction is not waivable and may be raised for the first time on appeal." F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 189 (1st Cir. 2006); see Fed. R. Crim. P. 12(b)(3)(B) (providing that lack of jurisdiction may be noticed by court at any time); United States v. DiSanto, 86 F.3d 1238, 1244 (1st Cir. 1996).

---

form, listing the conviction under count 2 as a conviction for cocaine base. In light of our disposition, there is no need for us to determine whether this error is an independent ground for reversal.

Vargas argues that the district court lacked jurisdiction because the government failed to provide the required certification even though he was less than 18 years old when he committed the substantive drug offenses, and still under 21 when indicted. The government concedes that the age of a defendant is jurisdictional under the statute. ("If the defendant had committed the offense prior to his birthday and he did not continue committing the offense beyond his eighteenth birthday, that conviction would have to be reversed. That is the position of the United States.").

On its face, the language of the statute — providing that a juvenile "shall not be proceeded against in any court of the United States" — appears jurisdictional. 18 U.S.C. § 5032. Such mandatory language is generally held to be jurisdictional. See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998) ("[T]he mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion."); California v. Grace Brethren Church, 457 U.S. 393, 407-08 (1982) (statute providing that district courts "shall not enjoin, suspend or restrain the . . . collection of any tax under State law" "divests the district court . . . of jurisdiction"); Mohasco Corp. v. Silver, 447 U.S. 807, 817 (1980) (holding that action was jurisdictionally barred for failure to comply with statutory provision that "such charge shall be filed" within specified time limits).

Other courts of appeals have uniformly held that the certification requirement of 18 U.S.C. § 5032 is a prerequisite to a district court's subject matter jurisdiction. See United States v. Sealed Juvenile 1, 225 F.3d 507, 508 (5th Cir. 2000) ("The need certification under 18 U.S.C. § 5032 is a jurisdictional requirement . . . ."); In re Sealed Case, 131 F.3d 208, 211 (D.C. Cir. 1997) ("certification must be a jurisdictional requirement" that "go[es] to the subject-matter jurisdiction of the court"); United States v. Wong, 40 F.3d 1347, 1363 (2d Cir. 1994) ("[P]roper certification confers jurisdiction upon the district court . . . ."); United States v. Chambers, 944 F.2d 1253, 1259 (6th Cir. 1991) ("[T]he certification requirement is a prerequisite to the district court's subject-matter jurisdiction in cases where the government proceeds against juveniles accused of performing acts which would be federal crimes if committed by adults."); United States v. Juvenile Male, 864 F.2d 641, 643 (9th Cir. 1988) ("To establish jurisdiction for such an adjudication, the juvenile delinquency procedures require the government to file a special certification regarding the juvenile before it can proceed against that juvenile . . . .").

Although not directly deciding the question, this court has recognized as well that the certification requirement of § 5032 is jurisdictional. See United States v. Female Juvenile, A.F.S., 377 F.3d 27, 31-32 (1st Cir. 2004) (noting that § 5032 provides

"that a district court has jurisdiction over a juvenile" if the certification requirement is met); United States v. Smith, 178 F.3d 22, 24-25 (1st Cir. 1999) (stating that "§ 5032 provides that a district court has jurisdiction over a juvenile if" the certification requirement is satisfied, and that "[o]nce federal jurisdiction has attached, juvenile delinquency proceedings ensue unless the court transfers the juvenile for prosecution as an adult"). We agree that the certification requirement is jurisdictional, and that absent a certification, a conviction must be set aside, even absent a timely objection, if the record establishes that a defendant was under the age of 18 when the offense was committed and under the age of 21 when criminal proceedings were commenced.

The remaining question is whether the evidence here on the two substantive drug counts was limited to acts occurring before the defendant reached the age of 18. Vargas argues that it was. The government failed to defend the convictions on these two counts in its brief, but at oral argument urged for the first time that there was sufficient postmajority evidence to convict. While we would be justified in treating the failure to brief the issue as a waiver, we choose to address the issue on the merits.

The government admits that Vargas was born on July 22, 1989, and that he reached majority on July 22, 2007. It also acknowledges that much of the evidence presented against Vargas at

-9-

trial on the substantive drug counts involved activities that occurred when he was under the age of 18. At oral argument, the government accurately asserted that the indictment did not provide a specific date for the substantive drug offense counts; instead, as with the conspiracy count, the indictment stated that the alleged crimes "[b]eg[an] on a date unknown, but no later than in or about the year 2005, and continu[ed] up to and until the return of the instant Indictment," i.e., past the date of Vargas's majority. But while the indictment may have charged postmajority conduct, the record is clear that the only evidence to support Vargas's convictions on the substantive drug offenses related to the period before he reached age 18.

The only evidence that potentially supports the substantive drug offense convictions is the testimony of paid confidential informant Ulises Martínez Camacho ("Martínez"). Martínez's role as an informant was to insert himself within a local drug organization and purchase narcotics. Martínez first met Vargas around April 4, 2007. Martínez described occasions in which he purchased illegal drugs from Vargas. First, on April 19, 2007, Martínez called Vargas to purchase two packages of crack cocaine for $500. Martínez made the buy, but Vargas was not present at the actual exchange. On May 11, 2007, Martínez arranged with Vargas to buy an eighth of a kilogram of crack for $2,200 or $2,500. Again, Vargas was not present at the exchange, and in this instance

Martínez was swindled with a sweet confection made of sugar and coconut known as dulce de coco, rather than drugs. During the same conversation, however, Vargas and Martínez also discussed the sale of ten kilograms of cocaine for $15,000 per kilogram.

Martínez thus testified to deals involving only crack (cocaine base) and cocaine — the same drugs for which Vargas was found guilty on the substantive charges. However, that testimony related to events which occurred before Vargas reached the age of 18. Because the government failed to provide the necessary certification under the FJDA, Vargas's convictions on the substantive drug offenses must be vacated for lack of jurisdiction. See, e.g., United States v. Male Juvenile, 148 F.3d 468, 472 (5th Cir. 1998) (vacating adjudication of juvenile delinquency for lack of jurisdiction due to failure to provide proper FJDA certification); United States v. Doe, 98 F.3d 459, 461 (9th Cir. 1996) (same).

## III.

As to the conspiracy charge, we hold that the district court had jurisdiction. Here, the indictment charged Vargas with the drug conspiracy "[b]eginning on a date unknown, but no later than in or about the year 2005, and continuing up to and until the return of the instant Indictment" — namely, May 7, 2008. Although Vargas was under 18 at the beginning of this charged period, he had reached the age of majority by the end of the period. In United

-11-

States v. Welch, 15 F.3d 1202, 1207 (1st Cir. 1993), we held that such an indictment was not defective simply because the period includes premajority conduct.

This court has also held that the jury may properly hear evidence regarding a defendant's premajority conduct to establish the existence of a conspiracy. In Welch, this court considered whether evidence of premajority conduct should be withheld from the jury, and rejected that argument:

> We think the better view is that . . . "once [the government] ha[s] established that certain acts of the offense occurred after the defendant's eighteenth birthday, the entire case may be tried in accordance with the adult rules of procedure and evidence." . . . We therefore hold that a criminal defendant's pre-majority conduct is admissible on the same bases as other evidence, and does not alone compel severance of a youthful defendant's trial.

Id. at 1212 (quoting United States v. Cruz, 805 F.2d 1464, 1477 (11th Cir. 1986)). However, where a case involves conduct both before and after the age of 18, there can be "no conviction unless the jury found that appellant[] in some manner 'ratified' [his] participation in the conspiracy after attaining majority." Id.

There was ample evidence here that the defendant continued his participation in the conspiracy after he reached the age of majority. Three officers from the Puerto Rico Police Department testified that they continued to observe Vargas at the local drug point after he had turned 18. In addition, Ricardo Madera Báez ("Madera"), a member of a rival drug gang, testified

that Vargas attended a meeting between rival drug gangs in November 2007, four months after Vargas's eighteenth birthday, where Vargas declared that he was the "owner" of cocaine for his group. Therefore, it was proper for the jury to consider Vargas's premajority conduct as well in finding him guilty of the drug conspiracy.

The defendant does not contend here that the evidence is insufficient to convict on the drug conspiracy count under the governing standard, with one exception. The defendant argues that we must assume that the jury did not credit the testimony of Madera because the jury acquitted Vargas on count 6 of the indictment. That count charged a conspiracy to possess firearms during and in relation to a drug trafficking offense. At trial, the only evidence of Vargas's postmajority conduct relating to firearms was the testimony by Madera that Vargas showed off his .45-caliber handgun at the November 2007 meeting. Vargas argues that his acquittal on the firearms conspiracy charge means that the jury "discredited" Madera's testimony. He therefore contends that Madera's testimony thus cannot support a conviction on the drug conspiracy charge, and without that testimony there is insufficient evidence to convict.

Even if we were to assume that Madera's testimony was essential to the conviction on the drug conspiracy count and that

-13-

the verdicts were inconsistent,[3] defendant's argument is meritless. In United States v. Powell, 469 U.S. 57 (1984), the Supreme Court held that an acquittal on one charge in a criminal case does not create collateral estoppel as to other charges. That decision reaffirmed the rule established in Dunn v. United States, 284 U.S. 390 (1932), that "a criminal defendant convicted by a jury on one count [can] not attack that conviction because it was inconsistent with the jury's verdict of acquittal on another count." Powell, 469 U.S. at 58. In Powell, a jury acquitted the defendant of drug conspiracy and possession counts, but found the defendant guilty of compound offenses involving the use of a telephone in "committing and in causing and facilitating" the alleged conspiracy and possession. Id. at 59-60. The court of appeals reversed the convictions, holding that a defendant cannot be found guilty of facilitating a felony for which he has been acquitted. Id. at 60-62. The Supreme Court reversed. Because inconsistent verdicts may be the result of juror mistake or lenity, and because the government cannot appeal an acquittal, the Court held that "the

_____

[3]     The verdicts were not in fact necessarily inconsistent. Count 6 charged that Vargas and his codefendants "did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons . . . to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime." While there was evidence presented to the jury that Vargas possessed firearms both before and after his eighteenth birthday, the jury could have concluded that there was no evidence that Vargas "combine[d], conspire[d], and agree[d]" with others to possess firearms.

-14-

best course to take is simply to insulate jury verdicts from review on this ground." See id. at 69. Under these circumstances, the potential inconsistency in the verdicts is not a ground for setting aside the drug conspiracy conviction.

The defendant also contends that the district court should have charged the jury as to the appropriate standard to be used when the conspiracy occurred in part before and in part after the age of majority. See Welch, 15 F.3d at 1211-12; see also United States v. Maddox, 944 F.2d 1223, 1233 (6th Cir. 1991). In other words, he contends that the jury should have been charged that it could only find Vargas guilty if it found that he ratified his participation in the conspiracy after turning 18. There was, however, no contemporaneous objection to the failure to give such a charge, so the plain error standard applies. United States v. Riccio, 529 F.3d 40, 46 (1st Cir. 2008). Under this standard, a conviction may only be disturbed if the appellant meets the "heavy burden of showing (1) that an error occurred; (2) that the error was clear or obvious; (3) that the error affected his substantial rights; and (4) that the error also seriously impaired the fairness, integrity, or public reputation of judicial proceedings." Id. "Even then, the reviewing court may, but is not required to, rectify the situation." United States v. Moran, 393 F.3d 1, 13 (1st Cir. 2004) (citing United States v. Olano, 507 U.S. 725, 735-36 (1993)). As such, "plain error review tends to afford

-15-

relief to appellants only for 'blockbuster[]' errors." Id. (quoting United States v. Griffin, 818 F.2d 97, 100 (1st Cir. 1987)). Even if we were to assume that the error was plain — despite the fact that Vargas did not rely on the age issue at trial, see United States v. George, 448 F.3d 96, 100 (1st Cir. 2006) — the plain error standard has not been satisfied. Under the third prong of the plain error test, Vargas is required to demonstrate that the error was prejudicial. United States v. Garcia-Pastrana, 584 F.3d 351, 382 (1st Cir. 2009). That requirement has not been met.

In order to show that an error was prejudicial, an appellant "must show that the error likely 'affected the outcome of the district court proceedings.'" United States v. Hebshie, 549 F.3d 30, 44 (1st Cir. 2008) (quoting Olano, 507 U.S. at 734). This means that he must show "a reasonable probability that, but for [the error claimed], the result of the proceeding would have been different." United States v. Padilla, 415 F.3d 211, 221 (1st Cir. 2005) (en banc) (quoting United States v. Dominquez Benitez, 542 U.S. 74, 82 (2004)) (quotation marks omitted). "[I]t is enough to sustain the conviction that the result would quite likely have been the same" even if a proper instruction had been given. See Hebshie, 549 F.3d at 44 (quoting United States v. O'Brien, 435 F.3d 36, 40 (1st Cir. 2006)) (quotation marks omitted).

Here, as noted above, although most of the conspiracy evidence related to Vargas's conduct as a minor, there was evidence presented at trial that supported his ratification and continued participation in the drug conspiracy after attaining the age of majority. Officers from the Puerto Rico Police Department testified that they continued to observe Vargas at the local drug point after he had turned 18. And Madera testified that Vargas attended a meeting between rival drug gangs in November 2007, after Vargas turned 18, where Vargas declared that he was the "owner" of cocaine for his group. In light of this evidence of postmajority conduct, we hold that the district court did not commit plain error in not providing a jury instruction on postmajority ratification.

## IV.

For the foregoing reasons, we vacate Vargas's substantive drug offense convictions on counts 2 and 4 for lack of jurisdiction. We affirm the conviction as to the drug conspiracy. The case is remanded to the district court with instructions to dismiss counts 2 and 4.

**AFFIRMED IN PART, VACATED IN PART, and REMANDED**.