**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-1202

UNITED STATES,

Appellee,

v.

RAYMOND COLE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Torruella, Boudin and Lipez,
Circuit Judges.

Joshua L. Gordon on brief for appellant.
Seth R. Aframe, Assistant United States Attorney, and John P. Kacavas, United States Attorney, on brief for appellee.

March 17, 2011

**Per Curiam**.  In the aftermath of a home invasion in which a victim was beaten and prescription drugs were stolen, Raymond Cole pled guilty to drug and Hobbs Act offenses in violation of 21 U.S.C. § 841(a)(1) & 844 and 18 U.S.C. § 1951.  The plea agreement memorialized a Rule 11(c)(1)(C) plea, i.e., an agreement containing a recommendation that would bind the district court once the court accepted the plea agreement - a "C-type" plea.

The plea agreement did not reference any criminal history category, potential offense level, or calculation based on the sentencing guidelines.  That is, it did not attempt any computation of any potential offense level and it made no projected determination of any likely sentencing range under the guidelines.  Rather, the agreement simply recited that:

> The parties agree that the defendant will be sentenced to a term of imprisonment which may not be less than ten and one-half (10½) years nor more than fifteen (15) years. The parties agree that the United States will request that the Court sentence defendant to a fifteen (15) year term of imprisonment.

A Presentence Report (PSR) was prepared and the court sustained Cole's objection to a 2 level adjustment for a vulnerable victim, but, nonetheless, remarked that nothing turned on the vulnerable victim calculation because the case involved a C-type plea.  The resulting sentencing range as calculated by reference to the guidelines was 120-150 months.

In accordance with the plea agreement, Cole argued for a 10½ year sentence, while the government argued for a 15 year sentence. The court opined that the C-type plea agreement was reasonable and that the high end was particularly warranted, noting that this home invasion, in which violent infliction of serious physical injury occurred, encompassed robbery of a victim's prescription drugs; that the crime was calculated and deliberate in its commission; that Cole had demonstrated through his criminal history and his parole violations that he was unable or unwilling to comply with the requirements of the law and that there was a need to protect society from future violent crimes from Cole who was a recidivist. The court, therefore, sentenced Cole to a 15 year term of imprisonment.

On appeal, Cole argues that the 15 year term of imprisonment constituted a variance from the guidelines -- the 15 year (180 months) term exceeded the high end of the otherwise applicable guideline range (120-150 months) by 30 months -- and that the district court erred in imposing a variance in absence of the 4 day notice required by Local Criminal Rule of the United States District Court for the District of New Hampshire Rule 32.1(i) ("LCrR 32.1(i)"). That rule provides:

> Any party requesting a departure under the sentencing guidelines and/or a variance must file a motion specifying the grounds for relief

> and legal authority for the departure and/or variance. This motion shall be filed no later than four (4) days prior to the scheduled sentencing, and a copy shall be served upon opposing counsel and the probation officer.

Cole concedes that Fed. R. Crim. P. 32(h) does not require notice in advance of a court's imposition of a variance from the guideline range. Irizarry v. United States, 553 U.S. 708 (2008). So, instead, he relies solely on LCrR 32.1(i). Cole also concedes that the issue was not preserved below, so review is for plain error.

Cole's reliance on LCrR 32.1(i) is misplaced because the sentence was not a variance at all. As the district court made clear at the sentencing hearing, he was not sentencing Cole pursuant to the sentencing guidelines or based on any variance from those guidelines. Rather, the court sentenced Cole pursuant to his C-type plea and the stipulated sentencing range contained in that plea agreement (which was agreed to without any reference at all to the sentencing guidelines). See United States v. Rivera-Martinez, 607 F.3d 283 (1st Cir. 2010), (concluding that a sentence is based on the C-type agreement, notwithstanding the fact that the district court may also be required to compute a corresponding sentencing range pursuant to the sentencing guidelines), petition for cert. filed, 79 U.S.L.W. 3062 (U.S. Jul 19, 2010) (No. 10-113).

In any event, even were LCrR 32.1(i) applicable, and assuming dubitante the legitimacy of Cole's claim that the plea agreement would not constitute notice sufficient for purposes of LCrR 32.1(i), it was not plain error for the district court to impose the 15 year sentence despite the alleged absence of the 4 day notice. The characteristics of plain error are familiar: (1) an error that (2) was clear or obvious and which not only (3) affected the defendant's substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings. See, e.g., United States v. Vargas-de-Jesus, 618 F.3d 59, 67 (1st Cir. 2010). Even if this standard is met, a reviewing court may, but is not required to, afford relief. Id. Cole's claim falters on several of the plain error prongs.

Assuming the district court erred in imposing the 15 year sentence in the absence of the notice required by LCrR 32.1(i), that error was neither clear nor obvious. While the provisions of LCrR 32.1(i) are clearly applicable to a request for a variant sentence, it was neither clear nor obvious that LCrR 32.1 (i) would also apply to a C-type plea agreement that was not in any way dependent on any guideline calculation.

Further, it is hard to see how Cole was prejudiced by the lack of notice. Were we to find error, a notice deficiency could be easily cured upon remand. Cole, however, appears to contend (without citation to any authority) that, upon remand, the

-5-

government would be barred from curing any deficiency. Rather, he argues that, since he prevailed in his objection to the vulnerable victim adjustment, he should get the benefit of the reduction it produced and the appropriate remedy is a resentencing "with orders that the non-noticed variance cannot be employed." In effect, he wants the sentencing range capped at 150 months (which was the high end of the sentencing range calculated pursuant to the guidelines without the vulnerable victim adjustment) even though, in his C-type agreement, he stipulated to a sentencing range of 10½ - 15 years (126-180 months). Cole also ignores the district court's rumination that, in the absence of the C-type agreement, it likely would have departed upward from 15 years.

Lastly, even were there error in sentencing Cole to 15 years without the prior notice provided by LCrR 32.1(i), it does not seriously impair the fairness, integrity, or public reputation of the judicial proceedings to sentence Cole in conformity with a plea agreement in which he freely and voluntarily stipulated that a sentence of 15 years was within the range of the agreed-to sentencing range and would be the sentence that the government would request.

The judgment and sentence of the district court is affirmed. Loc. R. 27.0(c).