**Wayne Vargas DE JESUS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil No. 11–1051 (ADC).**

United States District Court, D. Puerto Rico.

Nov. 4, 2013.

---

Wayne Vargas–De–Jesus, Berlin, NH, pro se.

Jose M. Pizarro–Zayas, United States Attorneys Office, District of Puerto Rico, San Juan, PR, Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

## OPINION AND ORDER

AIDA M. DELGADO–COLÓN, Chief Judge.

Petitioner, Wayne Vargas de Jesus ("petitioner" or "Vargas"), filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("2255 motion") on January 19, 2011. ECF No. 1. Petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel. *Id.* at 10–12. Respondent, the United States of America, opposed the 2255 motion. ECF No. 19. On February 21, 2012, the Court referred the 2255 motion to Magistrate–Judge Arenas for a Report and Recommendation ("R & R"). ECF No. 22.

On April 4, 2012, the Magistrate–Judge issued a R & R, which recommended the dismissal of petitioner's 2255 motion. ECF No. 24. Petitioner objected to the R & R. ECF No. 25.

## I. Standard of Review for Objections to a Report and Recommendation

█ A district court may refer pending motions to a Magistrate–Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); D.P.R. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within fourteen (14) days of being served with the report and recommendation. Fed.R.Civ.P. 72(d). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera–Garcia v. United States,* No. 06–1004, 2008 WL 3287236, at *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n,* 834 F.2d 419 (5th Cir.1987)). Moreover, to the extent the objections amount to no more than general or conclusory objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly–Rate Employees Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) ("It is improper for an objecting party to ... submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28

U.S.C. § 636(a)(b)(1); *see also Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodríguez v. Pfizer Pharma., Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández–Mejías v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–26 (D.R.I.2004)).

## II. Petitioner's Objection to the Report and Recommendation

■ Magistrate–Judge Arenas' R & R found that petitioner's 2255 motion is nothing more than a relitigation of issues clearly considered by the First Circuit Court of Appeals. ECF No. 24 at 75. In his objection to the R & R, petitioner argues that one "key matter" that was not heard before the First Circuit Court of Appeals was his attorney's failure to object to the admission of evidence related to Vargas' drug conspiracy charge. ECF No. 25. Petitioner asserts that had his counsel objected to pre-majority drug amounts/drug transaction evidence, the jury's verdict would have been different. *Id.* The jury concluded that petitioner conspired to possess with intent to distribute fifty (50) grams or more of a mixture or substance containing cocaine base (crack) within one thousand feet of a school. *See* Criminal No. 08–175, ECF No. 443 at 1–2.

The First Circuit Court of Appeals in *United States v. Vargas–De Jesús*, 618 F.3d 59, 65 (1st Cir.2010) already held that the jury properly heard evidence regarding petitioner's pre-majority conduct to establish the existence of a conspiracy. *Id.* at 65. Further, the Court of Appeals found there was sufficient evidence presented at trial to support Vargas' ratification and continued participation in the drug conspiracy after attaining the age of majority. *Id.* at 65–66. Thus, his counsel's failure to object to pre-majority evidence admitted at trial had no effect on Vargas' drug conspiracy conviction. *See Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

Accordingly, the Court accepts Magistrate–Judge Arenas' recommendation that petitioner's 2255 motion be denied. Petitioner's 2255 motion (ECF No. 1) is denied and dismissed accordingly.

## III. Conclusion

In light of the foregoing, the Report & Recommendation (ECF No. 24) is **ADOPTED** in full. Judgment shall be entered denying petitioner's 2255 motion.

**SO ORDERED.**

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

## I. INTRODUCTION

Petitioner was indicted on May 7, 2008 in all counts of a seven-count indictment. Eighteen other defendants were also indicted. Petitioner was charged in the first count in that, no later than about 2005 and up to the date of indictment, in the Municipality of Ponce, he did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute controlled substances, to wit: in excess of one kilogram of heroin, a Schedule I Nar-

cotic Drug Controlled Substance; and/or in excess of fifty grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance; and/or in excess of five kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance, and/or in excess of 100 kilograms of marijuana, a Schedule I Controlled Substances, within 1,000 feet of the real property comprising a public or private school, as prohibited by Title 21, United States Code, Section 841(a)(1) and 860. All in violation of 21 U.S.C. § 846. (Criminal 08–175(ADC), Docket No. 3.) Counts Two through Five were the corresponding aiding and abetting substantive counts related to each controlled substance. Count Six of the indictment charges that from no later than in or about 2005 up to the date of the indictment, in Ponce, District of Puerto Rico and within the jurisdiction of this court, petitioner did knowingly did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime as charged in Counts One through Five, as prohibited by Title 18, United States Code § 924(c)(1)(A). All in violation of 18 U.S.C. § 922(*o*).

Two defendants proceeded to trial, including petitioner. Trial began on November 17, 2008. (Criminal 08–175(ADC), Docket No. 414.) Petitioner was found guilty by a jury on November 26, 2008 in three counts. He was acquitted in Counts Three, Five and Six. (Criminal 08–175(ADC), Docket No. 443.) The Presentence memorandum was sent to the parties on March 4, 2009. (Criminal 08–175(ADC), Docket No. 548.) Petitioner was sentence on March 12, 2009 to 210 months imprisonment in Counts One, Two and Four, to be served concurrently with each other. Count Seven was dismissed upon motion of the United States. (Criminal 08–175(ADC), Docket No. 603.) A notice of appeal was filed on March 20, 2009. (Criminal 08–175(ADC), Docket No. 609.)

On August 30, 2010, The United States Court of Appeals for the First Circuit affirmed the conspiracy conviction in a lengthy opinion. (Criminal 08–175(ADC), Docket No. 812.); *United States v. Vargas–De Jesus,* 618 F.3d 59 (1st Cir.2010.) The court vacated the convictions on the substantive charges based upon petitioner's juvenile status at the time and affirmed the conspiracy conviction because it found that there was sufficient evidence of post majority conduct to convict. It also found that there was not plain error in an instruction given by the court. *Id.* at 61. Following the directive of the court of appeals, the court dismissed Counts Two and Four of the indictment on October 26, 2010. (Criminal 08–175(ADC), Docket No. 816.)

This matter comes before the court on petitioner Wayne Vargas De Jesus' motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on January 19, 2011. (Docket No. 1.) Petitioner argues that all drug transactions proven at trial against him occurred while he was a juvenile. That is, they occurred on March 25, April 4, April 19 and May 11, 2007, before his eighteenth birthday. (Petitioner was born on July 22, 1989.) Petitioner argues that he had a right not to be judged on his pre-majority conduct and that his lawyer failed to assert this substantive right for him. (Docket No. 1 at 11.) Similarly he argues that the jury was permitted t find as a fact that he had sold in excess of 50 grams of crack cocaine, based on clearly inadmissible pre-majority conduct as to which the court had no jurisdiction. Petitioner argues that he had a right to an instruction that he had to be

acquitted on the substantive counts if the evidence brought at trial consisted of pre-majority conduct. (Docket No. 1 at 11.) Petitioner argues that he had a right for the jury to be instructed that to find him guilty of the conspiracy count, they had to find that the government proved beyond a reasonable doubt that he engaged in conspiracy ratifying conduct after he turned 18. Because his attorney's oversight fell below the constitutional mark, petitioner states that he is entitled to habeas relief.

In response to the section 2255 motion, the government maintains that petitioner's claims are generally meritless, and have already been addressed by the court of appeals, quoting extensively from the appellate opinion. (Docket No. 19.)

Having considered the arguments of the parties and for the reasons set forth below, I disagree with petitioner's argument and recommend that petitioner Barrow's motion to vacate, set aside, or correct sentence be DENIED.

## II. DISCUSSION

■■■ Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27 n. 3, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States*, 134 F.3d 470, 474 (1st ·Cir.1998). Collateral attack on non constitutional and non jurisdictional "claims are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission incon-sistent with the rudimentary demands of fair procedure.'" *Knight v. United States*, 37 F.3d 769, 772 (1st Cir.1994) (quoting *Hill v. United States*, 368 U.S. at 428, 82 S.Ct. 468). A claim of ineffective assistance of counsel is one such constitutional violation that may be raised by way of a section 2255 motion. *See United States v. Kayne*, 90 F.3d 7, 14 (1st Cir.1996).

### Ineffective Assistance of Counsel

■■■ "In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. To establish a claim of ineffective assistance of counsel, a petitioner "must show that counsel's performance was deficient," and that the deficiency prejudiced the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[T]he 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.'" *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir.2007) (quoting *Yarborough v. Gentry*, 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)). The two part test for constitutionally ineffective assistance of counsel was set forth in the *Strickland* case. *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052; *see also Smullen v. United States*, 94 F.3d 20, 23 (1st Cir.1996); *Knight v. United States*, 37 F.3d at 774. The petitioner "must show that 'counsel's representation fell below an objective standard of reasonableness,' and that 'the deficient performance prejudiced his defense.'" *Owens v. United States*, 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington*, 466 U.S. at 687–88, 104 S.Ct. 2052). The defendant bears the burden of proof for both elements of the test. *See Cirilo–Muñoz v. United States*, 404 F.3d 527, 530 (1st Cir.2005) (citing *Scarpa v. Dubois*, 38 F.3d 1, 8–9 (1st Cir. 1994)).

■■■■ " '[J]udicial scrutiny of counsel's performance must be highly deferential,' and 'every effort [should] be made to eliminate the distorting effects of hindsight.' " *Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996) (quoting *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052). The test includes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States*, 94 F.3d at 23 (quoting *Strickland v. Washington*, 466 U.S. at 689, 104 S.Ct. 2052).

The second element of the Strickland test "also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *Argencourt v. United States*, 78 F.3d at 16 (quoting *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. 2052). There must exist a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Dugas v. Coplan*, 428 F.3d 317, 334 (1st Cir.2005) (quoting *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. 2052). "[A] reasonable probability is one 'sufficient to undermine confidence in the outcome.' " *González–Soberal v. United States*, 244 F.3d 273, 278 (1st Cir.2001) (quoting *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. 2052).

■■■■ The United States notes the obvious. The obvious is that the court of appeals has disposed of all of the issue raised by petitioner, and in relation to the substantive counts, that disposition was favorable to petitioner. This scenario invites the recollection that when a federal prisoner raises a claim that has been decided on direct review, he ordinarily cannot attempt to relitigate the claim in a section 2255 motion. *Withrow v. Williams*, 507 U.S. 680, 720–21, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *Berthoff v. United States*, 308 F.3d 124, 127–28 (1st Cir.2002); *Argencourt v. United States*, 78 F.3d at 16 n. 1; *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir.1994). This petition is nothing more than a relitigation of issues clearly considered by the court of appeals. While the petition reads true, relief has been granted by the court of appeals where appropriate, and denied when not appropriate. There is nothing more for this court to consider.

Assuming that counsel's representation fell below an objective standard of reasonableness, and is not difficult to make that assumption under the circumstances, petitioner would still have to prove that it resulted in prejudice to his case. *See Owens v. United States*, 483 F.3d at 63 (quoting *Strickland v. Washington*, 466 U.S. at 687–88, 104 S.Ct. 2052). As stated above, there must be a reasonable probability that but for counsel's actions, the result of the proceedings would have been different. *See Dugas v. Coplan*, 428 F.3d at 334 (quoting *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. 2052).

In view of the above, I find that petitioner has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses*, 329 F.3d 253, 265 (1st Cir.2003). Furthermore, even assuming that petitioner has succeeded in showing deficiencies in his legal representation in that pre-majority evidence of offenses was impermissibly brought to the attention of the jury, he is unable to establish that said deficiencies resulted in a prejudice against him in the criminal proceedings. *See Owens v. United States*, 483 F.3d at 63 (quoting *Strickland v. Washington*, 466 U.S. at 687–88, 104 S.Ct. 2052). Petitioner was acquitted in some counts and the court of appeals

vacated the other substantive counts which related to acts occurring while petitioner was a juvenile. The court of appeals related the evidence tying petition to the conspiracy as an adult. It is impossible to find that claimed error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d at 772 (quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468).

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

In San Juan Puerto Rico this 4th day of April, 2012.