# United States Court of Appeals
## For the First Circuit

No. 14-1030

WAYNE VARGAS-DE JESÚS,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Aida M. Delgado-Colón, U.S. District Judge]

Before

Barron and Stahl, Circuit Judges,
and Sorokin,* District Judge.

Derege B. Demissie, with whom Demissie & Church was on brief,
for appellant.
Susan Z. Jorgensen, Assistant United States Attorney, with
whom Mainon A. Schwartz, Assistant United States Attorney, Rosa
Emilia Rodríguez-Vélez, United States Attorney, and Nelson Pérez-
Sosa, Assistant United States Attorney, Chief, Appellate Division,
were on brief, for appellee.

February 10, 2016

* Of the District of Massachusetts, sitting by designation.

**BARRON**, **Circuit Judge**.  Wayne Vargas-De Jesús appeals the District Court's denial of his 28 U.S.C. § 2255 petition for post-conviction relief.  Vargas contends that his petition should have been granted because his trial counsel provided ineffective assistance at sentencing in violation of the Sixth Amendment.  We affirm.

**I.**

Because we are considering a § 2255 petition, we recount the proceedings not only through conviction and sentencing, but also through Vargas's direct appeal.  That way, we will have provided all of the background that is relevant to the issues that are now before us on post-conviction review.

We start with what happened at trial.  In 2008, a jury found Vargas guilty of two counts of possession with intent to distribute a controlled substance within one thousand feet of a school, in violation of 21 U.S.C. §§ 841(a)(1) and 860, and one count of conspiracy to do the same, see 21 U.S.C. § 846.[1]

In rendering the verdict, the jury set forth findings about the drug quantity involved in each offense in a special

---

[1]  We note that although the presentence report ("PSR") and the parties' briefs state that Vargas was convicted of conspiracy to possess with intent to distribute a controlled substance within one thousand feet of a school, the jury found Vargas guilty of Count 1 of the indictment, which charged Vargas with "[c]onspiracy to possess with intent to distribute and to distribute controlled substances" within one thousand feet of a school.  This apparent discrepancy has no bearing on our decision.

verdict form. The jury found that one of the two substantive possession counts involved 50 grams or more of cocaine base and that the other involved 5 kilograms or more of cocaine. The jury also found that the conspiracy count involved at least 50 grams of cocaine base.

The probation officer then prepared the presentence report ("PSR"). Apparently relying on the jury's findings in the special verdict form, the PSR recommended a base offense level of 32 under the United States Sentencing Guidelines based on drug quantities of 5 kilograms of cocaine and 50 grams of cocaine base. After applying various enhancements, and using a criminal history category of I, the PSR calculated a guideline sentencing range of 210 to 262 months' imprisonment.

Defense counsel did not object at the sentencing hearing to the PSR's drug quantity determination. The District Court adopted that determination, as well as the PSR's other recommendations. The District Court then imposed a sentence of 210 months' imprisonment on each of Vargas's three counts, with those sentences to be served concurrently.

Vargas appealed. He argued that the District Court did not have jurisdiction over the two substantive possession counts due to the Federal Juvenile Delinquency Act (FJDA), 18 U.S.C. § 5032. We agreed because the only evidence supporting those counts concerned conduct Vargas engaged in before he had reached the age

- 3 -

of eighteen -- the age of majority -- and because the government had not certified that the case satisfied one of the enumerated conditions in the FJDA that would permit federal court jurisdiction over juvenile conduct.  See United States v. Vargas-De Jesús, 618 F.3d 59, 61-65 (1st Cir. 2010).

At the same time, we rejected Vargas's argument that, under the FJDA, the District Court also lacked jurisdiction over the conspiracy count.  Id. at 65.  We reasoned that the government had supported the conspiracy count with evidence of conduct that Vargas engaged in not only before but also after he had turned eighteen.  Id. at 65-66.  And, citing our decision in United States v. Welch, 15 F.3d 1202 (1st Cir. 1993), we held that a jury may consider evidence of a defendant's pre-majority conduct to establish the existence of a conspiracy so long as the defendant had "in some manner ratified his participation in the conspiracy after attaining majority."  Vargas-De Jesús, 618 F.3d at 65 (alterations and internal quotation marks omitted).

On remand, the District Court did not resentence Vargas. Instead, the District Court entered an amended judgment reflecting that Vargas had been convicted of only the conspiracy count.  The District Court then imposed the same sentence that it had selected at Vargas's pre-appeal sentencing -- 210 months' imprisonment.[2]

---

[2]    The District Court did so even though Vargas's initial sentence was based on a mandatory minimum sentence and a guidelines

- 4 -

Following the District Court's entry of the amended judgment, Vargas, proceeding pro se, filed a petition to vacate or modify his sentence under 28 U.S.C. § 2255.  The District Court referred Vargas's petition to a magistrate judge, who recommended denying the petition.  The District Court adopted that recommendation and thus denied the petition.

Both the Magistrate Judge and the District Court construed the petition to argue only that the defense counsel had provided ineffective assistance during Vargas's trial.  Neither read the petition to contend that the defense counsel had also provided ineffective assistance at sentencing.

Following the District Court's denial of the petition, Vargas sought a certificate of appealability ("COA").  The District Court denied the request.  Vargas -- still proceeding pro se -- requested a COA from this Court.

In considering Vargas's request, we interpreted Vargas's petition to argue that his counsel was ineffective both at trial and at sentencing.  We issued a COA only as to the latter question, upon which the District Court had not ruled.  Specifically, we granted Vargas a COA on the issue:

---

sentencing range calculated on the understanding that Vargas was responsible for 5 kilograms of cocaine -- an amount that the jury had found with respect to the substantive count, but not with respect to the conspiracy count.  But Vargas does not raise any issue to us regarding the District Court's decision not to resentence him, and therefore we do not consider any such issue.

whether counsel was constitutionally ineffective for failing to challenge the drug quantity attributed to petitioner at sentencing, given that petitioner's participation in the charged conspiracy occurred largely while he was underage, and that the evidence of narcotics transactions presented at trial was limited to transactions occurring before petitioner reached the age of majority.

We also granted Vargas's request for appointment of counsel.

## II.

Where, as here, the District Court did not address the ineffective assistance of counsel claim that we certified for appeal, "an appellate court usually is ill-equipped to handle the fact-specific inquiry that such claims often require." United States v. Ofray-Campos, 534 F.3d 1, 34 (1st Cir. 2008). Nevertheless, here we may address such a claim because "the critical facts are not in dispute and the record is sufficiently developed to allow reasoned consideration of the claim." United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993).[3]

In pressing his ineffective assistance claim, Vargas contends that the "only evidence of actual drug quantities

---

[3]   Of course, by virtue of the posture in which this case comes to us, the District Court did not hold an evidentiary hearing on the issue that we certified for appeal. But Vargas makes no argument that an evidentiary hearing is necessary to resolve that issue, and thus any such argument is waived. See Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (stating that evidentiary hearings on § 2255 petitions "are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted").

- 6 -

introduced during [his] trial involved drug transactions that took place prior to him reaching the age of majority," and that defense counsel should have objected to the use of that pre-majority evidence to calculate Vargas's sentence. Vargas argues that, had counsel so objected, the objection would have been successful and would have resulted in a lower sentence. He thus claims ineffective assistance of counsel at sentencing. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984) (holding that, to succeed on an ineffective assistance of counsel claim, a petitioner must show both deficient performance and prejudice); see also Lafler v. Cooper, 132 S. Ct. 1376, 1385-86 (2012) (stating that Strickland applies in the sentencing context, as "there exists a right to counsel during sentencing").

An attorney's performance is deficient under Strickland, however, "only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (internal quotation marks omitted). To prevail on a claim of deficient performance, moreover, a defendant must "overcome the strong presumption" that the action he challenges might be sound strategy on the part of his attorney. See Horton v. Allen, 370 F.3d 75, 81 (1st Cir. 2004) (internal quotation marks omitted). We conclude that Vargas has not overcome that strong presumption because an objectively reasonable counsel could have made a

strategic choice not to object to the use of Vargas's pre-majority conduct in fashioning Vargas's sentence. See Wilder v. United States, 806 F.3d 653, 660 (1st Cir. 2015) (judging whether counsel was ineffective by asking whether "[o]bjectively reasonable counsel could have made a strategic choice" to do as actual counsel did).

There was, at the time of sentencing, substantial out-of-circuit precedent uniformly rejecting the argument that pre-majority conduct could not be considered for purposes of sentencing in a case like Vargas's. See United States v. Gibbs, 182 F.3d 408, 442 (6th Cir. 1999) (holding that the district court could "take into account quantities of crack cocaine [the defendant] sold before he reached age eighteen as relevant conduct to [the defendant's] . . . drug trafficking convictions"); United States v. Thomas, 114 F.3d 228, 267 (D.C. Cir. 1997) ("Since [the defendant] was properly convicted in adult court of a conspiracy he joined as a juvenile but continued in after eighteen, the Guidelines unambiguously permit the court to consider his and his co-conspirators' foreseeable conduct that occurred during the commission of the [entire conspiracy] offense." (alteration in original) (internal quotation marks omitted)); United States v. Sparks, 309 F. App'x 713, 717 (4th Cir. 2009) (unpublished) ("[I]n sentencing an adult defendant for conspiracy, a district court may consider all relevant conduct, including conduct which occurred

when the defendant was a juvenile participant in the conspiracy. Accordingly, we find [the defendant's] argument that the district court erred in considering the drug quantities attributable to him as a juvenile to be without merit.").[4]  In addition, our own precedent addressing the issue was at best equivocal. See United States v. Rodríguez, 731 F.3d 20, 30 (1st Cir. 2013) (describing Welch, 15 F.3d 1202, as reviewing a "drug-quantity calculation that included the defendant's pre- and post-majority conduct," "vacat[ing] the sentence not because it included pre-majority conduct, but [on other grounds]," and therefore, "[b]y implication, [holding that] inclusion of the defendant's pre-majority conduct was permissible," but nonetheless declining to decide the issue).

But the problem for Vargas's claim of ineffective assistance is not just that the precedent was hardly favorable. As the government points out, by pressing such an objection, defense counsel could have risked opening the door to the District Court's reevaluation of the PSR's drug quantity calculation. Such a reevaluation -- even if it succeeded in excluding pre-majority conduct -- might have resulted in a higher drug quantity calculation than that contained in the PSR. See United States v.

---

[4]    No court has held to the contrary since.  In fact, another circuit has joined the consensus. See United States v. Flores, 572 F.3d 1254, 1269-70 (11th Cir. 2009).

Flores-De-Jesús, 569 F.3d 8, 37 (1st Cir. 2009) ("In determining drug quantity for purposes of calculating a defendant's base offense level under the Guidelines, the sentencing court may attribute to the defendant all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." (internal quotation marks omitted)).

The record shows that the government indicated at the sentencing hearing that it was prepared to make an argument that the drug quantity that the PSR attributed to Vargas was a low estimate of the amount of drugs for which Vargas was responsible. In so arguing, the government stated that "the narcotics that were distributed at this drug point clearly exceeded [the amounts used to calculate the base offense level]," and that "by the testimony of both Ricardo Madera and the government forensic chemist from the Puerto Rico Forensic Science Institute, it could be easily determined that the amount of cocaine base or cocaine were higher than the amounts taken into consideration in the presentence report."

In addition, Vargas at no point challenged the PSR's description of Vargas as being a member of a large drug distribution scheme[5] that operated for three years, including for

---

[5]    Two incidents discussed at trial -- although both occurring before Vargas reached the age of eighteen -- give a sense of the substantial scale of the conspiracy.  A confidential informant testified at trial that, on one occasion, he called

- 10 -

at least nine months after Vargas had attained the age of majority. More specifically, the PSR described that distribution scheme as one that purchased drugs in wholesale quantities and sold them at a drug distribution point which operated seven days a week, for twelve hours a day. The PSR went on to describe Vargas as the "owner" of the scheme's cocaine at a drug point and as a "manager" of the conspiracy. Vargas did challenge the PSR's description of him as an "owner" and "manager." But the District Court overruled that objection on the ground that there was plenty of contrary evidence presented at trial.

In sum, Vargas has not shown that his counsel's failure to challenge the quantity determination in the PSR resulted from an unreasonably deficient judgment. Rather, the record supports the conclusion that counsel's decision not to make that challenge reflected a quite reasonable calculation of risk versus reward. See United States v. Natanel, 938 F.2d 302, 310 (1st Cir. 1991) (holding that counsel's decision not to make a closing argument on one charged count, "while admittedly a gamble," was a "reasonable strategic choice" and therefore did not constitute deficient performance even if "in retrospect, [it was] unsuccessful or even

---

Vargas to purchase two packages of cocaine base for $500, and that, on a second occasion, he discussed buying 10 kilograms of cocaine from Vargas. Vargas-De Jesús, 618 F.3d at 65.

- 11 -

unwise").  For that reason, we reject Vargas's request for post-conviction relief on the sole claim we certified for appeal.[6]

## III.

For the foregoing reasons, the District Court's denial of Vargas's § 2255 petition is **affirmed**.

---

[6]     Vargas also argues that his counsel was ineffective at sentencing because he "failed to argue that [Vargas] should receive a downward departure based on his youth at the time of the individual acts."  But we do not address this argument.  It is outside the scope of the COA, and Vargas did not attempt -- below or on appeal -- to obtain a COA on this issue.  See Peralta v. United States, 597 F.3d 74, 83 (1st Cir. 2010) (per curiam) (holding that, because the petitioner "failed to request a COA as to [certain] issues in either the district court or the court of appeals, [the defendant] ha[d] waived his right to appellate review of those issues").