**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Daniel L. OGLE, Defendant—**
**Appellant.**

**No. 04–30328.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 5, 2005.*

Decided Aug. 16, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

George JC Jacobs, III, Esq., USSP—Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard D. Wall, Esq., Attorney at Law, Spokane, WA, for Defendant–Appellant.

Before: THOMPSON, T.G. NELSON and WARDLAW, Circuit Judges.

## MEMORANDUM **

Daniel Ogle was convicted of being a felon in possession of a firearm. The United States appeals the district court's sentencing decisions, (1) finding that Ogle's previous offenses were not crimes of violence, and (2) denying a four level increase under the sentencing guidelines for possession of a firearm "in connection with drug trafficking." We have jurisdiction under 28 U.S.C. § 1291 and we affirm in part and remand in part.

## 1. Crime of Violence

■ The district court correctly concluded that Ogle's prior convictions for attempting to elude a police vehicle were not "crimes of violence." The convictions do not constitute "crimes of violence" under the categorical approach, *see United States v. Wenner*, 351 F.3d 969, 972 (9th Cir.2003), because, under Washington law, an attempt to elude a police vehicle does not necessarily involve "physical force against the person of another" or "a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Rather, the offense could involve only harm to property. *See* Revised Code of Washington 46.61.024 ("Attempting to elude police vehicle" includes driving a vehicle "in a manner indicating a wanton or wilful disregard for the lives *or* property of others")

(emphasis added). Because the "state statute criminalizes both conduct that does and does not qualify as a crime of violence," the "conviction is not a categorical match." *Wenner*, 351 F.3d at 972.

■ Moreover, the government did not offer sufficient evidence to establish that the conduct for which Ogle was convicted satisfied the elements of a "crime of violence" under the modified categorical approach. *See id.* at 974. The district court found "no plea agreement, no judgment of conviction, and no charging document in the record ... to examine." The district court correctly declined to consider information disclosed in the Presentence Investigation Report ("PSIR"). *See Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002) (listing documents that the district court may examine under the modified categorical approach; the PSIR is not on this list); *see also United States v. Turner*, 349 F.3d 833, 837 (5th Cir.2003) (stating that the PSIR "may not serve as the basis for finding that a prior conviction was of a crime of violence").

■ Finally, the district court properly declined to apply the modified categorical approach to determine whether Ogle's prior conduct fell under the catchall clause: "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 4B1.2(a)(2). *See United States v. Fish*, 38 F.3d 1200, 1204 (9th Cir.2004) ("[P]rior case law is skeptical as to whether ... [the court] may deviate ... to the modified categorical approach in cases involving the 'catchall' clause.")

## 2. Sentencing Issues

■ We review the sentencing issues for plain error. *United States v. Ameline*,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

409 F.3d 1073, 1079 (9th Cir.2005). Even though the district court made no factual findings, and thus there is no constitutional error, a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1079 (9th Cir.2005), is appropriate. *See United States v. Moreno–Hernandez,* —— F.3d ——, 2005 WL 1560269 at *9 (9th Cir. July 5, 2005) ("[A] limited remand is proper in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.").

We cannot determine from the record whether the district court would have imposed a materially different sentence if it had known that the Guidelines were advisory, as the Supreme Court held in *United States v. Booker,* —— U.S. ——, —— —— ——, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005), and that *Booker* permits a district court to engage in judicial factfinding without "implicating the Sixth Amendment" so long as the court treats the Sentencing Guidelines "as merely advisory provisions." *Id.* at 750, 125 S.Ct. 738. Therefore, under *Ameline,* we remand for the limited purpose of making that determination. *See Ameline,* 409 F.3d at 1084. In fulfilling this mandate, the district court may hold such hearings and enter such orders as it determines to be necessary, including, without limitation, modifying or vacating its previous sentence.

Conviction **AFFIRMED;** Sentence **REMANDED.**