# United States Court of Appeals
## For the First Circuit

No. 05-2220

CHRIS POWELL,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John P. Woodcock, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Campbell and Stahl, Senior Circuit Judges.

Chris Powell, Request for a Certificate of Appealability
with Brief in Support pro se.

December 1, 2005

**Per Curiam**.  At age twenty, Petitioner Chris Powell was convicted in Maine state court of eluding a police officer.  The statute under which he was convicted prohibited driving at a reckless rate of speed while being pursued by a police vehicle making use of its siren and blue light.  29 Maine Revised Statutes § 2501-A(3)(since superseded).

At age twenty-one, Petitioner was convicted of burglary.  At age twenty-two, he was convicted of another burglary.  At age thirty-one, he was found in possession of a shotgun.  He was charged with being a felon in possession of a firearm.  18 U.S.C. § 922(g)(1).  He pled guilty, and the United States District Court for the District of Maine treated each of these previous convictions in state court as 'violent crime' predicates for purposes of sentencing Petitioner to the mandatory minimum term of fifteen years imprisonment under the federal Armed Career Criminal Act (ACCA).  See 18 U.S.C. § 924(e).

The firearm in question was a shotgun that Petitioner says he inherited from his deceased father.  The weapon was found in his possession when law enforcement authorities investigating a series of burglaries and thefts in early 2003 executed a search warrant at Petitioner's residence.  Petitioner was arrested and charged with  a number of stealing offenses, plus drug possession and unlawful gun possession.  When he was sentenced by the federal district court under the ACCA, these state charges were still

-2-

pending.

Petitioner has brought a motion under 28 U.S.C. § 2255 to vacate the sentence, arguing that his counsel provided him ineffective assistance by not objecting to the use of his conviction for eluding police as a violent-crime predicate under the ACCA. At the outset, we note that the state of the law at the time of Petitioner's sentencing gave scant indication that such an objection was likely to succeed. There was little case law, and the two opinions directly on point both went against Petitioner's position. United States v. Howze, 343 F.3d 919 (7th Cir. 2003); United States v. James, 337 F.3d 387 (4th Cir. 2003). Then, just over three months before Petitioner's sentencing, this Court held that a prisoner's escape from custody, made by simply walking away from a halfway house, qualified as a violent crime for purposes of sentencing a defendant as a career offender under federal law. United States v. Winn, 364 F.3d 7 (1st Cir. 2004).

In Winn, we endorsed the broad proposition that any 'escape scenario' was like a 'powder keg,' ready to explode into violence when officers attempted to recapture the escapee. Id. at 11-12. The reasoning set forth in Winn concerning escape offenses extends easily to evasive driving offenses. It is thus far from clear that defense counsel would dip below the bench mark for effective advocacy by failing to raise an objection to the use of Petitioner's evasive driving conviction as an ACCA sentencing

predicate, even if the objection would later be determined to have merit.  See, e.g., Korhahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995)("the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law")(citing cases).  Advocating changes in recent precedent may occasionally be required of competent counsel, but it would take unusual circumstances.

In any event, the sentencing issue raised by Petitioner is a recurring one, but one that this Circuit has not yet addressed.  We think that the merits of the Petitioner's argument about his ACCA sentence, underlying his claim of ineffective assistance, is the most appropriate basis for resolving this matter.

Recently, Petitioner's contentions concerning the use of convictions for evasive driving as ACCA predicates have been raised by other defendants before federal courts across the country.  A consensus has emerged that evasive driving offenses, like prison escapes, constitute a category[1] of 'violent' crime within the meaning of the ACCA's provision for "conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B)(ii).  See United States v. Howze, 343 F.3d 919 (7th

---

[1]See Shepard v. United States, 125 S.Ct. 1254, 1259 (2005)(applying "categorical criterion" to define violent offenses under the ACCA); Taylor v. United States, 495 U.S. 575, 600 (1989)(same).

-4-

Cir. 2003)(analogizing between escapes from custody and flights to avoid arrest in treating defendant's violation of Wisconsin statute as ACCA predicate); United States v. James, 337 F.3d 387 (4th Cir. 2003)(reasoning that disobedience of police officer's signal to stop in violation of South Carolina statute "poses the threat of direct confrontation between the police officer and the occupants of the vehicle"); United States v. Martin, 378 F.3d 578 (6th Cir. 2004)(stating, with respect to violation of Michigan statute, that "by making a deliberate choice to disobey a police officer, the motorist provokes an inevitable, escalated confrontation with the officer."); United States v. Kendrick, 423 F.3d 803 (8th Cir. 2005)(stating, with respect to violation of Oregon statute, that "the conduct associated with the commission of felony fleeing calls to mind the risks associated with escape and automobile theft"). See also United States v. Rosas, 410 F.3d 332 (7th Cir. 2005)(following Howze as controlling in categorizing the Wisconsin statute); United States v. Albritton, 135 Fed.Appx. 239 (11th Cir. June 10, 2005)(unpublished decision concerning Florida's 'aggravated fleeing and eluding' statute)(Westlaw); United States v. Howard, Nos. 04-4099, 04-4172, 2005 WL 2471000 (6th Cir. Oct. 6, 2005)(unpublished opinion treating Martin case as controlling categorization of Ohio's evasive driving statute); United States v. Clark, Nos. Civ. 05-3280-SAC, CR 99-4007601-SAC, 2005 WL 1925646 (D. Kan. Aug. 10, 2005)(as a matter of first impression within the

10th Circuit, adopting the reasoning of the <u>Howze</u> case in categorizing the Kansas evasive driving statute).

We recognize that the Ninth Circuit has determined that violations of Washington state's superceded evasive driving law were not categorically violent within the meaning of the ACCA, because that statute criminalized mere risk to property, even without threat to persons. <u>United States</u> v. <u>Kelly</u>, 422 F.3d 889 (2005)("the question is whether all conduct -- including the most innocent conduct -- prohibited by the state statute qualifies as a 'violent felony'"); <u>United States</u> v. <u>Ogle</u>, No. 04-30328, 2005 WL 1950882 (9th Cir. Aug. 16, 2005). The Maine statute under which the Petitioner was convicted, however, does not address recklessness towards property, so these two Ninth Circuit cases are distinguishable even if we were otherwise disposed to follow these decisions.

The use of Petitioner's conviction for eluding police as an ACCA predicate comports with the sound reasoning of the majority-view cases cited above. The statute under which Petitioner was convicted provided that

> Whoever, after being requested or signaled to stop, attempts to elude a law enforcement officer by driving a vehicle at a reckless rate of speed which results in a high-speed chase between the operator's vehicle and any law enforcement vehicle using a blue light and siren is guilty [of a felony-level crime].

29 Maine Revised Statutes § 2501-A(3)(since superseded). We agree

with the view that high-speed car chases pose a grave threat of death and injury by collision, as well as escalated confrontations between suspects and police. Such a category of crime manifestly "involves conduct that presents a serious potential risk of physical injury to another" within the meaning of the ACCA. See 18 U.S.C. § 924(e)(2)(B)(ii).

We hold that Petitioner's conviction for eluding police is a proper violent-crime predicate under the ACCA. Since we reject the Petitioner's contention that his evasive-driving conviction was not a valid ACCA sentencing predicate, it follows that his claim of ineffective assistance based on his defense counsel's failure to raise the contention presents no substantial issue for appeal.

Petitioner Chris Powell's request for a certificate of appealability is denied.