# United States Court of Appeals
## For the First Circuit

No. 21-1348

DAVID MILLER,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]
[Hon. John C. Nivison, U.S. Magistrate Judge]

Before

Barron, Chief Judge,
Selya and Howard, Circuit Judges.

Katherine C. Essington for appellant.
Brian S. Kleinbord, Assistant United States Attorney, with
whom Darcie N. McElwee, United States Attorney, was on brief, for
appellee.

August 8, 2023

**SELYA**, **Circuit Judge**.  In our system of justice, a criminal defendant is entitled to the effective assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 686 (1984); Rojas-Medina v. United States, 924 F.3d 9, 15 (1st Cir. 2019); see also U.S. Const. amend. VI.  To demonstrate a breach of that entitlement, the defendant must show both that his attorney performed constitutionally unacceptable work and that such deficient performance caused him cognizable prejudice.  See Strickland, 466 U.S. at 687; Rojas-Medina, 924 F.3d at 15.

In the case at hand, defendant-appellant David Miller (the petitioner) sought habeas review, alleging that his trial counsel (who represented him in his underlying criminal case) rendered ineffective assistance and that, therefore, his conviction should be set aside.  The district court saw the matter differently and denied the habeas petition.  See United States v. Miller (Miller III), No. 16-165, 2021 WL 787133, at *1 (D. Me. Mar. 1, 2021); see also Miller v. United States (Miller II), No. 16-165, 2021 WL 311860, at *1 (D. Me. Jan. 29, 2021) (magistrate judge's report and recommendation).  Although our reasoning differs from that of the court below, we affirm the denial of the habeas petition.

**I**

We briefly rehearse the relevant facts and travel of the case.  The reader who hungers for greater detail may wish to

- 2 -

consult our earlier opinion in this matter.  See United States v. Miller (Miller I), 911 F.3d 638, 640-41 (1st Cir. 2018).

In November of 2016, a federal grand jury sitting in the District of Maine charged the petitioner with two counts of transporting a minor with the intent to engage in criminal sexual activity in violation of the Mann Act, 18 U.S.C. § 2423(a).  The indictment alleged that in June and July of 1995, the petitioner knowingly transported his then-thirteen-year-old adopted daughter across state lines with the intent to sexually assault her.  After initially maintaining his innocence, the petitioner reversed course and pleaded guilty to one of the charged counts.  The government dropped the other count, and the district court sentenced the petitioner to a 327-month term of immurement.

Represented by a new attorney, the petitioner appealed. His only claim was that his trial counsel, who had since passed away, afforded him constitutionally ineffective assistance.  See Miller I, 911 F.3d at 640.  This claim was centered on the statute of limitations applicable to crimes for sexual abuse of a child, which had changed from the time when the petitioner committed the offense of conviction in the mid-1990s to the time when he was indicted for that offense in 2016.  That statutory change lies at the heart of the petitioner's argument and, thus, we describe that change and explain how it dovetails with the facts.

We begin with the time of the commission of the offense of conviction on July 12, 1995. At that time, the relevant statute of limitations allowed charges to be brought until the victim reached twenty-five years of age. See 18 U.S.C. § 3283 (1994). The legal landscape shifted in 2003, however, when Congress extended the limitations period to allow charges to be brought throughout the life of a child victim.[1] See id. (2003).

This brings us to the nub of the petitioner's claim. Because the petitioner's adopted daughter would have turned twenty-five sometime in 2007, the charges brought against him in 2016 would have been time-barred if the version of the statute in effect at the time of the offense controlled. But if the petitioner's case was subject to the expanded statute of limitations that Congress enacted in 2003, the charges brought against the petitioner in 2016 would have been timely. See id.

The government interpreted the 2003 version of the statute as having retrospective effect and applied the expanded limitations. The grand jury indicted the petitioner on that basis. The petitioner's trial counsel never moved to dismiss the charges as time-barred. The petitioner now argues that his trial counsel

---

[1] In 2006, Congress again amended the statute so as to allow prosecution to commence at any time "during the life of the child, or for ten years after the offense, whichever is longer." 18 U.S.C. § 3283 (2006). The 2006 amendment has no bearing on this case.

- 4 -

rendered ineffective assistance by not seeking dismissal based on the statute of limitations, instead advising him to enter a guilty plea. Refined to bare essence, he claims that his trial counsel should have argued that the charges against him were time-barred because the 1994 version of section 3283, as opposed to the 2003 version, applied to the charged conduct.

In Miller I, the petitioner raised the same claim but we did not resolve it on its merits. Rather, we held fast to our customary praxis of declining to adjudicate claims of ineffective assistance that are raised for the first time on direct appeal. See Miller I, 911 F.3d at 641-42, 646; see also United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993) (explaining that — with a narrow exception — fact-specific claims of ineffective assistance of counsel "must originally be presented to, and acted upon by, the trial court"). Because the petitioner's case did not fall within the isthmian exception to the general rule that ineffective assistance of counsel claims may not "make their debut on direct review of criminal convictions," Miller I, 911 F.3d at 642 (quoting Mala, 7 F.3d at 1063), we affirmed the petitioner's conviction and sentence without prejudice "to [his] right to raise his claim of ineffective assistance of counsel . . . in a collateral proceeding brought pursuant to 28 U.S.C. § 2255," id. at 646.

The petitioner exercised that reserved right. In July of 2019, he filed a motion to vacate, set aside, or correct his

sentence because he had "received ineffective assistance of counsel in violation of the Sixth Amendment." The petitioner again argued that his trial counsel had rendered ineffective assistance by failing to move to dismiss the indictment on limitations grounds. He asserted that — were it not for his trial counsel's miscue — he would not have pleaded guilty.

The district court referred the petitioner's section 2255 motion to a magistrate judge. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The magistrate judge directed the government to respond to the motion. In its response, the government submitted that the motion was without merit and should be denied.

The petitioner filed a reply. He also filed an affidavit relating that he and his trial counsel had discussed his case "in detail" and on multiple occasions in the months preceding his guilty plea. During the course of at least one of these discussions, trial counsel told the petitioner that "based on his legal research" the charges had been brought "within the statute of limitations." Consequently, "he would not be pursuing a motion to dismiss on statute of limitations grounds."

Evidence recovered from trial counsel's case file shed some further light on his decisionmaking process. Pertinently, that file contained a letter sent by counsel to the petitioner on May 15, 2017 — two weeks before the petitioner entered his guilty

plea.  In that letter, trial counsel reiterated that, based on his research, his conclusion was "that there exists no statute of limitations defense notwithstanding the timeframe of the alleged offense."  Trial counsel attached a copy of the opinion in United States v. Vickers, No. 13-128, 2014 WL 1838255, at *1, *7-11 (W.D.N.Y. May 8, 2014) — a case that, according to trial counsel, "detail[ed] the history of the applicable statute of limitations . . . and inform[ed] [his] decision."  The letter ended by emphasizing that "it is imperative that we make a compelling sentencing presentation" and noting that trial counsel's work toward that end was continuing.

After reviewing the papers, the magistrate judge determined that an evidentiary hearing was not warranted.  See Rule 8, Rules Governing Section 2255 Proceedings; see also Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003).  Based on the briefs and the record, the magistrate judge issued a report and recommendation.  See Miller II, 2021 WL 311860, at *1.  In the report and recommendation, the magistrate judge concluded that the petitioner had not shown ineffective assistance because a challenge to the timeliness of the charges would have been futile and, thus, the petitioner was not prejudiced by trial counsel's decision to refrain from filing a motion to dismiss.  See id. at *3-6; see also Strickland, 466 U.S. at 687.  Accordingly, the

- 7 -

magistrate judge recommended the denial of the section 2255 motion. See Miller II, 2021 WL 311860, at *7.

The petitioner served an objection to the report and recommendation but — after a de novo review — the district court adopted the magistrate judge's recommendation and denied the section 2255 motion.[2] See Miller III, 2021 WL 787133, at *1. So, too, the district court declined to issue a certificate of appealability (COA). See id.; see also 28 U.S.C. § 2253(c). The petitioner proceeded to file an appeal without a COA. He subsequently sought a COA from this court, see 28 U.S.C. § 2253(c), and we granted it.

## II

In this venue, the petitioner renews his claim that his trial counsel rendered ineffective assistance by failing to move to dismiss the charges against him on limitations grounds. Our standard of review is familiar. "In reviewing the denial of a [section] 2255 motion alleging ineffective assistance of counsel, we assess the district court's legal conclusions de novo and its factual findings for clear error." Thompson v. United States, 64 F.4th 412, 418 (1st Cir. 2023).

---

[2] For simplicity's sake, we do not hereafter distinguish between the district judge and the magistrate judge but, rather, take an institutional view and refer to the determinations below as those of the district court.

- 8 -

We set the stage. The Sixth Amendment guarantees criminal defendants "the right to the effective assistance of counsel." Strickland, 466 U.S. at 686 (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To establish that a lawyer's performance fell below the constitutional norm, a defendant must make a two-part showing. First, he "must show that counsel's performance was deficient." Ouber v. Guarino, 293 F.3d 19, 25 (1st Cir. 2002) (quoting Strickland, 466 U.S. at 687). This element of the test requires him to "show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [defendant] by the Sixth Amendment.'" Rivera-Rivera v. United States, 844 F.3d 367, 372 (1st Cir. 2016) (quoting Strickland, 466 U.S. at 687). Second, the defendant "must show that he was prejudiced by counsel's deficient representation." Id.

The district court did not pass upon the performance element[3]: it went directly to the prejudice element and denied the section 2255 motion because it found that the petitioner had not satisfied that element. See Miller II, 2021 WL 311860, at *3-6. We are not wedded to the district court's reasoning but, rather, may affirm the denial of habeas relief on any ground made

---

[3] Although the district court did not resolve the performance element, it nonetheless indicated its belief that the petitioner — at least "arguably" — could not satisfy that element. Miller II, 2021 WL 311860, at *6 n.3.

- 9 -

manifest in the record.  See Yacouba-Issa v. Calis, 22 F.4th 333, 339 (1st Cir. 2022); Pike v. Guarino, 492 F.3d 61, 71 (1st Cir. 2007).  Exercising this latitude, we start — and end — with the performance element.

To satisfy this element, the petitioner must demonstrate that his "counsel's performance was objectively unreasonable 'under prevailing professional norms.'"  United States v. Mercedes-De La Cruz, 787 F.3d 61, 67 (1st Cir. 2015) (quoting Strickland, 466 U.S. at 688).  In appraising counsel's performance, a high degree of deference is in order.  See Strickland, 466 U.S. at 691.  When conducting this appraisal, we must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689.

Given these criteria, our review proceeds with a strong presumption — albeit a rebuttable one — that counsel's choices among available courses of action fall "within the wide range of reasonable professional assistance . . . that, under the circumstances, . . . 'might be considered sound . . . strategy.'"  Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).  In practical terms, this means that a defendant can demonstrate constitutionally deficient performance only if he can show that — given what counsel knew or should have known at the time —

"counsel's choice was so patently unreasonable that no competent attorney would have made it." Flores-Rivera v. United States, 16 F.4th 963, 969 (1st Cir. 2021) (quoting Rossetti v. United States, 773 F.3d 322, 327 (1st Cir. 2014)).

## A

The lynchpin of the petitioner's case is his assertion that a competent attorney in his trial counsel's shoes would have raised a statute-of-limitations defense through a motion to dismiss the indictment before advising him to plead guilty. This assertion builds upon the fact that when the offense of conviction was committed (in 1995), the limitations period then in effect would have run in 2007. See 18 U.S.C. § 3283 (1994) (permitting prosecution to begin against individuals charged with child sexual abuse until child victim reached twenty-five years of age). The petitioner posits that it was objectively unreasonable for his trial counsel to refrain from pursuing a defense premised on the argument that the subsequent (2003) amendment elongating the limitations period could not be applied retrospectively to the charged conduct. In his view, trial counsel dipped below the constitutionally assured level of performance by erroneously concluding that such a defense was doomed to fail. Arguing by analogy to United States v. Gentile, 235 F. Supp. 3d 649 (D.N.J. 2017), the petitioner contends that "there was a colorable statute

of limitations defense" available and that "[t]here was no justifiable reason" for trial counsel's failure to pursue it.

This contention does not withstand scrutiny. Our starting point is the state of the law as a competent attorney would have perceived it at the time. Two salient characteristics of that legal landscape persuade us that competent counsel could reasonably have concluded that a defense based on the claim that 18 U.S.C. § 3283 (2003) did not operate retrospectively was likely to be a loser and, thus, not worth pursuing. See Johnston v. Mitchell, 871 F.3d 52, 63 (1st Cir. 2017) (explaining that counsel does not perform deficiently where reasonable counsel would conclude that forgone action "was highly likely to fail and thus was not worth bringing"); Powell v. United States, 430 F.3d 490, 491 (1st Cir. 2005) (per curiam) (similar).

The first characteristic is the body of on-point case law holding that section 3283, as amended in 2003, as well as the previous version of the same statute, operated retrospectively. See United States v. Leo Sure Chief, 438 F.3d 920, 924-25 (9th Cir. 2006) (analyzing 2003 version); United States v. Jeffries, 405 F.3d 682, 684-85 (8th Cir. 2005) (analyzing 1994 version). The second characteristic is the abundant case law holding, more generally, that applying an extended statute of limitations to criminal conduct occurring before the date of the extension is permissible as long as Congress has not expressly prescribed

- 12 -

otherwise and the original limitations period was still open when the limitations period was extended. See Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014); United States v. Grimes, 142 F.3d 1342, 1351 (11th Cir. 1998) (collecting cases); see also Stogner v. California, 539 U.S. 607, 632-33 (2003). These cases teach that there is a critical "difference between revoking a vested statute of limitations defense and extending a filing period for live claims." Weingarten v. United States, 865 F.3d 48, 57 (2d Cir. 2017). Courts are in broad agreement that the former is impermissible and violates foundational tenets of constitutional law (such as the Ex Post Facto Clause). See Stogner, 539 U.S. at 610-22, 632-33; Hughes Aircraft Co. v. United States ex rel. Schumer, 520 U.S. 939, 950 (1997).

Extending the charging period for open claims, however, is a horse of a different hue. After all, "a defendant facing unexpired claims has never been 'safe from . . . pursuit.'" Cruz, 773 F.3d at 145 (alteration in original) (quoting Stogner, 539 U.S. at 611). Consequently, it does not offend either fundamental notions of fair notice or settled expectations born of reasonable reliance to prolong the length of time in which the defendant remains responsible for the consequences of past conduct. Not surprisingly, then, the decided cases hold — with near uniformity — that Congress may retrospectively extend a still-open criminal statute of limitations without offending the Constitution. See,

e.g., Weingarten, 865 F.3d at 57-58; Grimes, 142 F.3d at 1351. Given the principles articulated in these cases and the facts of this case, there was (and is) a strong argument that 18 U.S.C. § 3283 (2003) should be construed retrospectively, which would render the charges against the petitioner timely.

To be sure, none of these cases was decided either by the Supreme Court or by this court. They are, therefore, not controlling in the technical sense. But the existence of a body of out-of-circuit precedent, not contradicted by any controlling precedent, makes pellucid that the petitioner's contention was not a "clear winner" of the type that any competent attorney would recognize and raise. Prou v. United States, 199 F.3d 37, 48 (1st Cir. 1999); see Vargas-De Jesús v. United States, 813 F.3d 414, 418 (1st Cir. 2016) (explaining that out-of-circuit precedent may defeat claim of deficient performance when binding precedent is "at best equivocal"). And in the face of that body of case law, we cannot say that the performance of the petitioner's counsel fell below prevailing professional norms because the record demonstrates that counsel made a strategic decision in choosing to devote his limited time, effort, and available capital to making the case that the petitioner deserved a relatively modest sentence. See Bucci v. United States, 662 F.3d 18, 31-32 (1st Cir. 2011).

The record indicates that the petitioner's trial counsel reasonably concluded that pursuing a long-shot motion to dismiss

the indictment on statute of limitations grounds would draw resources away from his preparation of a "compelling sentencing presentation."  There is no doubt that counsel put a great deal of effort into his sentencing presentation.  He submitted a sentencing memorandum on the petitioner's behalf and — at the disposition hearing — presented a psychiatrist to testify to the mitigating effects of the petitioner's childhood sexual abuse, along with character witness interviews and evidence related to the petitioner's education.  And even though — despite the presentation of those materials — the petitioner ultimately received a lengthy sentence, the apparent failure of trial counsel's efforts does not matter because "[a] decision by counsel that 'prove[s] unsuccessful, or even unwise,' may nevertheless be a reasonable strategic choice."  Flores-Rivera, 16 F.4th at 969 (second alteration in original) (quoting United States v. Natanel, 938 F.2d 302, 310 (1st Cir. 1991)).  Hindsight is always twenty-twenty, but that is not the barometer by which counsel's performance should be gauged.[4]

---

[4] Nor is the outcome of the inquiry affected by the fact that the limitations defense may have been the only weapon in the petitioner's armamentarium.  See Jones v. Page, 76 F.3d 831, 843 (7th Cir. 1996).  A defense that is likely to fail does not assume added importance in the Sixth Amendment calculus merely because no other defense is available.  See id.; cf. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984) ("If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade.").

**B**

The petitioner does not meaningfully argue that existing case law was (or is) hospitable to his position. Instead, he suggests only that the law was not entirely antithetic to his proposed defense, and he argues that a competent lawyer in trial counsel's stead should have taken a shot and raised a limitations defense based on the reasoning underpinning the holding in Gentile. He insists that there was nothing to lose by making such a motion.

We do not think that this "nothing ventured, nothing gained" approach is a gateway to a finding that trial counsel's performance was constitutionally inadequate given that counsel reasonably believed that his time was better spent in preparing for the petitioner's sentencing. Pursuing a defense premised on the logic of Gentile would have required trial counsel to advocate that the district court adopt Gentile's analysis, even though the other courts that have examined the issue have rejected such an approach for determining whether an expanded statute may apply retrospectively to cases that were still open when the limitations period was expanded. We explain briefly.

Controlling precedent holds that in order to determine whether a statute of limitations applies retrospectively, a court must conduct a two-step inquiry. See Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994); see also Lattab v. Ashcroft, 384 F.3d 8, 14-15 (1st Cir. 2004). This inquiry requires a court first to

consider the statutory text as one of several indicators bearing on the question of whether a statute should be given retrospective effect. If Congress did not "expressly prescribe[] the statute's proper reach," the court must then consider "whether the new statute would have retroactive effect," including "whether [the statute] would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." Landgraf, 511 U.S. at 280. If the statute would have retroactive effect, "the default rule is that the statute should not be construed to regulate the past conduct." Arevalo v. Ashcroft, 344 F.3d 1, 11 (1st Cir. 2003).

Gentile — in holding that a statute of limitations did not apply retroactively — first determined that there was no clear Congressional directive that the challenged extension of the statute of limitations should be applied retroactively. 235 F. Supp. 3d at 654-55. Concluding that the extension was susceptible of a retroactive effect, it then relied on Toussie v. United States, 397 U.S. 112 (1970), a pre-Landgraf case, saying that Toussie stood for the proposition that "criminal statutes of limitations are to be interpreted in favor of repose" and holding that "without clear Congressional intent" the extension "must be applied prospectively," Gentile, 235 F. Supp. 3d at 652, 655.

But Gentile did not address the extension of the statute of limitations that governs the petitioner's conduct. At least one court, addressing the extension of the statute of limitations at issue here, has determined that Congress expressed an unambiguous intent to make the extension of the statute of limitations retroactive. See Leo Sure Chief, 438 F.3d at 924-25. And another, addressing that same extension, disagreed with Gentile's reading of Toussie and at the second step of the Landgraf analysis determined that an extension of a statute of limitations which has not yet run is not a "retroactive effect." See United States v. Piette, 45 F.4th 1142, 1160-62 (10th Cir. 2022). In the face of this muddled case law, we cannot say that the petitioner's counsel performed deficiently by declining to press a Gentile-based theory, at least given the record support for a conclusion that he reasonably believed that there were other ways in which to devote his limited time and resources — ways that were more likely to benefit the petitioner.

## C

We need go no further. Because the petitioner "has the burden of showing both deficient performance and prejudice," his failure to establish the former constitutes an adequate basis for a conclusion that his trial counsel's assistance to him was not ineffective. United States v. Rodriguez, 675 F.3d 48, 58 (1st Cir. 2012) (emphasis in original). Thus, we need not reach the

question of how the 2003 version of section 3283 should be construed and, specifically, whether it operated to extend the limitations period in the petitioner's case.

## III

For the reasons elucidated above, the judgment of the district court is


**Affirmed**.